AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |

DANIEL L. GORDON

V.

UNITED STATES OF AMERICA

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 08 CIV 7507

TO: (Name and address of Defendant)

See Attached Rider

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is served on you with this summons, within _____60_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

AUG 2 5 2008

| CLERK | | DATE |

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                        Date                                    *Signature of Server*

                                    _____
                                    *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

## RIDER TO SUMMONS IN A CIVIL ACTION

**TO:**

United States Attorney's Office
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

United States Attorney General
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20536-0001

Department of the Treasury
Internal Revenue Service
District Director, Manhattan
290 Broadway, 7th Floor
New York, New York 10007

ECF Case

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

DANIEL L. GORDON,

                     Plaintiff,       :   **COMPLAINT**

         -against-                :

UNITED STATES OF AMERICA,         :

                     Defendant.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

       Plaintiff Daniel L. Gordon, by his attorneys,
Kostelanetz & Fink, LLP, complaining against the defendant
alleges as follows:

**PRELIMINARY STATEMENT**

       1.    This is an action for a refund of federal
income taxes and interest illegally and erroneously assessed
against and collected from plaintiff Daniel L. Gordon
("plaintiff") by the Internal Revenue Service (the "IRS")
for taxable year 2003.

**JURISDICTION AND VENUE**

       2.    This Court has jurisdiction over this matter
pursuant to 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422.

       3.    Venue is proper in this District under 28
U.S.C. § 1391(e) because plaintiff resides in this District
and a substantial part of the events giving rise to the
claims in this matter took place here.

## THE PARTIES

4.    Plaintiff is an individual who is a citizen of the United States and resides at 535 West 23rd Street, Apartment S-4E, New York, New York 10011.

5.    The defendant is the United States of America.

## THE FACTS

A.    Background

6.    Plaintiff filed a timely Form 1040, U.S. Individual Income Tax Return, with the IRS for taxable year 2003.

7.    Plaintiff's income tax return for taxable year 2003 was audited by the Examination Division of the IRS located at 135 High Street, Hartford, Connecticut 06103 (the "IRS's Hartford Office").

8.    The IRS's Hartford Office made adjustments to plaintiff's income tax return, and issued a Revenue Agent's Report and 30-day letter (collectively, the "Report") to plaintiff on August 23, 2006 which contained said adjustments.

9.    On September 22, 2006, plaintiff filed a timely written protest to the Report.  Plaintiff's protest was assigned to an Appeals Officer in the New York City Appeals Office of the IRS.

10.  Plaintiff's counsel and the Appeals Officer had numerous meetings and telephone discussions regarding the issues contained in the Report, and plaintiff's protest thereto.  In addition, plaintiff, through his counsel, raised two "affirmative issues" with the Appeals Officer, namely, plaintiff's right to a refund with respect to capital gain taxes that he overpaid upon the purported sale of the stock of Daticon, Inc. ("Daticon"), and plaintiff's entitlement to a deduction for legal fees that he paid.  In connection with those affirmation issues, plaintiff requested refunds of income taxes that he overpaid for taxable year 2003.

11.  Plaintiff's counsel and the Appeals Officer resolved all issues in the Report, except the question of plaintiff's entitlement to a deduction for state and local income taxes.  In addition, plaintiff's counsel and the Appeals Officer did not resolve the two affirmative issues raised by plaintiff.  These three issues form the basis of the instant dispute.

B.    <u>State and Local Income Taxes</u>

12.  Plaintiff paid state and local income taxes totaling $487,137 in taxable year 2003, which he properly deducted on Schedule A of his Form 1040 pursuant to 26 U.S.C. § 63.  The Appeals Officer disallowed $6,860 of this

deduction.  The disallowance of this deduction was erroneous and contrary to law.

C.  **Capital Gain from Daticon Stock**

      13.  The first affirmative issue raised by plaintiff with the IRS Appeals Officer concerned plaintiff's claim for refund of certain capital gain taxes.  This issue arose out of plaintiff mistakenly reporting a capital gain of $1,073,000 on his income tax return for taxable year 2003 from the alleged sale of the stock of Daticon.  In the Report that the IRS's Hartford Office issued to plaintiff, the IRS asserted that plaintiff should have reported an additional capital gain of $7,535,815 from the sale of this stock beyond the capital gain he mistakenly included on his tax return.

      14.  In fact, neither the capital gain reported on plaintiff's return, nor the additional capital gain asserted by the IRS in the Report are includible in plaintiff's income, because plaintiff's shares of the Daticon stock were seized and controlled by the United States Government.

      15.  Plaintiff was prosecuted by the United States Attorney's Office for the Southern District of New York (the "USAO") for certain criminal violations.  In 2003, plaintiff entered into a plea agreement with the USAO to resolve the criminal case.  As part of the plea agreement, plaintiff

forfeited assets to the government, including any right, title or ownership interest that he had in the Daticon stock.  To take control of plaintiff's Daticon stock and the proceeds from its sale, the USAO scheduled and monitored a closing for the sale of the Daticon stock to a third-party purchaser.  When the closing occurred, the USAO took sole and exclusive possession of the proceeds from the sale, which were deposited directly into a bank account of the government at JPMorgan Chase Bank.

16.  Because plaintiff's shares were forfeited to and controlled by the government, plaintiff no longer had any ownership interest in those shares, and hence he did not realize, recognize or receive any capital gain or loss from the sale of the Daticon stock.

17.  In the written protest that plaintiff filed with the Appeals Office of the IRS, plaintiff argued that he did not receive any gain or loss from the alleged sale of the Daticon stock, and that he was entitled to a refund of $1,073,000 in capital gain taxes that he overpaid from the purported sale of the stock.

18.  Plaintiff, through his counsel, repeatedly asserted in meetings and discussions with the IRS Appeals Officer that plaintiff was entitled to a refund for taxes that he overpaid from the sale of the Daticon stock.

19. The Appeals Officer consulted with the Area Counsel's Office of the IRS in Manhattan on the issue of plaintiff's claim for a refund from the alleged sale of the Daticon stock. The Appeals Officer and Area Counsel concluded that plaintiff should not have reported a capital gain of $1,073,000 from the alleged sale of the stock on his tax return for taxable year 2003 and that plaintiff was not liable for an alleged additional gain of $7,535,815 as asserted in the Report. Despite this fact, the IRS erroneously, arbitrarily, and punitively refused to grant plaintiff a refund of the $1,073,000 in capital gain taxes that he overpaid in taxable year 2003.

20. The IRS's position denying plaintiff a refund is legally and factually indefensible, and plaintiff is entitled to a refund of the capital gains taxes that he overpaid attributable to the alleged sale of the Daticon stock.

C.   **Legal Fees**

21. The second affirmative issue that plaintiff raised with the IRS Appeals Officer concerned a claim for refund for taxes that plaintiff overpaid as a result of his inadvertent omission of a deduction for legal fees on his tax return. Plaintiff paid legal fees in an amount not less than $250,000 in taxable year 2003 in defense of his

-6-

prosecution by the USAO.  The legal fees paid by plaintiff were ordinary and necessary business expenses deductible under 26 U.S.C. § 162.

22.  Plaintiff inadvertently failed to deduct these legal fees on his income tax return for taxable year 2003.

23.  Plaintiff provided the Appeals Officer with substantiation of the payment of the legal fees, and made a claim for refund for the taxes he overpaid attributable to the same.

24.  The Appeals Officer erroneously denied plaintiff's claim for refund with respect to the legal fees that he paid in taxable year 2003.

D.   **The Notice of Deficiency and Claim for Refund**

25.  On March 24, 2008, the Appeals Office of the IRS issued a statutory notice of deficiency (the "Notice") to plaintiff pursuant to 26 U.S.C. § 6213.  The Notice determined that plaintiff was liable for income tax in the amount of $1,029, arising from a disallowance of the deduction for state and local income taxes.  There were no other adjustments in the Notice.

26.  By a letter dated April 23, 2008, plaintiff paid the amount determined in the Notice, plus interest, and advised the IRS that he would file a claim for refund for:

-7-

(a) the tax and interest that he overpaid based on the Notice; (b) the tax that he overpaid arising from the purported sale of the Daticon stock; and (c) the tax that he overpaid attributable to his entitlement to a deduction for the payment of the legal fees.

27.  On May 20, 2008, plaintiff filed a claim for refund with the IRS.  In plaintiff's claim for refund, plaintiff asserted that he was entitled to a refund of overpaid taxes, plus interest, arising from: (a) the deductibility of the payments for state and local income taxes; (b) the alleged capital gain from the sale of the Daticon stock; and (c) the deductibility of payments made for legal fees.  A copy of plaintiff's claim for refund is annexed hereto as Exhibit A.

28.  By a letter dated June 25, 2008, the IRS denied plaintiff's claim for refund.  A copy of the IRS's notice of disallowance of claim for refund is annexed hereto as Exhibit B.

### COUNT ONE
### Claim for Refund Based on Payment of State and Local Tax

29.  Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 28 of the Complaint with the same force and effect as if set forth here in full.

30.  In the Notice, the IRS disallowed a deduction of $6,860 reported by plaintiff on his income tax return for the payment of state and local income taxes.  The disallowance of this deduction resulted in a claim for income taxes by the IRS of $1,029.

31.  The IRS's determination in the Notice was erroneous; plaintiff's deduction for state and local income taxes was proper pursuant to 26 U.S.C. § 63.

32.  Plaintiff is entitled to a refund of the income taxes that he overpaid, plus interest, arising from his payment of state and local income taxes.

## COUNT TWO
### Claim for Refund Based on Daticon Stock

33.  Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 32 of the Complaint with the same force and effect as if set forth here in full.

34.  Plaintiff reported a capital gain of $1,073,000 from the alleged sale of Daticon stock.  This stock, however, was owned and controlled by the government, and the USAO took exclusive possession of the stock and its proceeds prior to its sale to a third-party purchaser.

35.  The IRS Appeals Office and Area Counsel's Office agreed that plaintiff did not realize or recognize a gain from the sale of the Daticon stock, but wrongfully

refused to grant plaintiff a refund for the capital gain taxes that he overpaid.

36.   The IRS's failure to grant plaintiff a refund of overpaid capital gains taxes is illegal and should not be sustained.

**COUNT THREE**
**Claim for Refund Based on Payment of Legal Fees**

37.   Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 36 of the Complaint with the same force and effect as if set forth here in full.

38.   Plaintiff paid legal fees in an amount not less than $250,000, which he inadvertently failed to report on his income tax return.

39.   Plaintiff made a claim for refund of overpaid income taxes arising from the payment of legal fees, which the IRS erroneously denied.

40.   Plaintiff is entitled to a refund of overpaid taxes attributable to his payment of legal fees.

WHEREFORE, plaintiff respectfully demands judgment as follows:

(a)   On plaintiff's First Count, for a determination that plaintiff is entitled to a refund of $1,029, plus interest, arising from his overpayment of state and local income taxes;

-10-

(b)   On plaintiff's Second Count, for a determination that plaintiff is entitled to a refund of overpaid capital gain taxes in the amount of $1,073,000, plus interest, attributable to the alleged sale of Daticon stock;

(c)   On plaintiff's Third Count, for a determination that plaintiff is entitled to a refund, plus interest, based on his payment of legal fees in an amount not less than $250,000; and

(d)   On all Counts, awarding plaintiff the costs and fees associated with this action, including reasonable attorney's fees, together with such other further or different relief as this Court deems just and proper.

Dated: New York, New York
       August 25, 2008

Respectfully submitted,

KOSTELANETZ & FINK, LLP

By: _____
    Kevin M. Flynn (KF9739)
    7 World Trade Center
    New York, New York 10007
    Telephone: (212) 808-8100

-11-

# EXHIBIT A

KOSTELANETZ & FINK, LLP
7 WORLD TRADE CENTER
NEW YORK, NEW YORK 10007
—
TEL: (212) 808-8100
FAX: (212) 808-8108
www.kflaw.com

May 20, 2008

VIA FEDERAL EXPRESS

Mr. James Borowski
Appeals Officer
Internal Revenue Service
Manhattan Appeals Office
290 Broadway
11ᵗʰ Floor
New York, New York 10007

      Re:  Daniel L. Gordon
          (SSN:
          Tax Year: 2003

Dear Mr. Borowski:

      I have enclosed a claim for refund for Daniel L.
Gordon for taxable year 2003. There are three issues in the
claim for refund: (i) the deductibility of payments for state
and local income taxes; (ii) the alleged gain from the sale of
Daticon, Inc. stock; and (iii) the deductibility of payments
made for legal fees. The first issue was determined with
finality by you through our Appeals conferences. The second and
third were affirmatively raised by me as claims for refund at
Appeals, and you denied Mr. Gordon refund claims based on these
items.

      Accordingly, I request that you prepare and send me a
notice of claim disallowance for all of these issues. It makes
no sense to assign this case to a revenue agent since you have
already determined, on behalf of the Internal Revenue Service,
that Mr. Gordon's claim for refund should be denied.

      Please do not hesitate to telephone me if you have
any questions regarding this matter.

          Very truly yours,

          Kevin M. Flynn

KMF/kf
Enclosures

Form **2848**
(Rev. March 2004)
Department of the Treasury
Internal Revenue Service

# Power of Attorney
## and Declaration of Representative

▶ Type or print. ▶ See the separate instructions.

OMB No. 1545-0150

**For IRS Use Only**

Received by:

Name _____

Telephone _____

Function _____

Date ___/___/___

**Part I**  Power of Attorney
Caution: *Form 2848 will not be honored for any purpose other than representation before the IRS.*

| **1**  Taxpayer information. Taxpayer(s) must sign and date this form on page 2, line 9. | | |
|---|---|---|
| Taxpayer name(s) and address<br><br>Daniel L. Gordon<br>c/o Kostelanetz & Fink, LLP<br>530 Fifth Avenue<br>New York, New York 10036 | Social security number(s)<br>___ ___ : ___ ___ : ___ ___ ___ | Employer identification number<br>___ : ___ ___ |
| | Daytime telephone number<br>( 212 ) 808-8100 (POA) | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2**  Representative(s) must sign and date this form on page 2, Part II.

| Name and address | |
|---|---|
| Kevin M. Flynn, Esq., Kostelanetz & Fink, LLP<br>530 Fifth Avenue, New York, New York 10036 | CAF No. ............ 2005-55357R<br>Telephone No. ...... (212) 808-8100<br>Fax No. ........... (212) 808-8108<br>Check if new: Address ☐  Telephone No. ☐  Fax No. ☐ |
| Name and address | CAF No. ...........................................<br>Telephone No. ...................................<br>Fax No. ...........................................<br>Check if new: Address ☐  Telephone No. ☐  Fax No. ☐ |
| Name and address | CAF No. ...........................................<br>Telephone No. ...................................<br>Fax No. ...........................................<br>Check if new: Address ☐  Telephone No. ☐  Fax No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3**  Tax matters

| Type of Tax (Income, Employment, Excise, etc.)<br>or Civil Penalty (see the instructions for line 3) | Tax Form Number<br>(1040, 941, 720, etc.) | Year(s) or Period(s)<br>(see the instructions for line 3) |
|---|---|---|
| Income | 1040 | 2003 |
| | | |
| | | |

**4**  Specific use not recorded on Centralized Authorization File (CAF). If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for Line 4. Specific uses not recorded on CAF. . . . . . . . . . . . ▶ ☐

**5**  Acts authorized. The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative, the power to sign certain returns, or the power to execute a request for disclosure of tax returns or return information to a third party. See the line 5 instructions for more information.

**Exceptions.** An unenrolled return preparer cannot sign any document for a taxpayer and may only represent taxpayers in limited situations. See **Unenrolled Return Preparer** on page 2 of the instructions. An enrolled actuary may only represent taxpayers to the extent provided in section 10.3(d) of Circular 230. See the line 5 instructions for restrictions on tax matters partners.

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: ..................................
....................................................................................................................................
....................................................................................................................................
....................................................................................................................................

**6**  Receipt of refund checks. If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here _____ and list the name of that representative below.

Name of representative to receive refund check(s) ▶

For Privacy Act and Paperwork Reduction Notice, see page 4 of the instructions.    Cat. No. 11980J    Form **2848** (Rev. 3-2004)

Form 2848 (Rev. 3-2004)                                                                                                          Page **2**

| 7 | Notices and communications. Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2. | |
|---|---|---|
| a | If you also want the second representative listed to receive a copy of notices and communications, check this box . . . ▶ | ☐ |
| b | If you do not want any notices or communications sent to your representative(s), check this box . . . . . . . . . . ▶ | ☐ |

**8** **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here . . . . . . . . . . . . . . . ▶ ☐
**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**9** **Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

| | | |
|---|---|---|
| *Daniel L. Gordon* (signature) | 4/10/06 | |
| Signature | Date | Title (if applicable) |
| Daniel L. Gordon | ☐☐☐☐☐ | |
| Print Name | PIN Number | Print name of taxpayer from line 1 if other than individual |
| | | |
| Signature | Date | Title (if applicable) |
| | ☐☐☐☐☐ | |
| Print Name | PIN Number | |

---

**Part II**    Declaration of Representative

**Caution:** *Students with a special order to represent taxpayers in Qualified Low Income Taxpayer Clinics or the Student Tax Clinic Program, see the instructions for Part II.*

Under penalties of perjury, I declare that:
- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:
  a  Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.
  b  Certified Public Accountant—duly qualified to practice as a certified public accountant in the jurisdiction shown below.
  c  Enrolled Agent—enrolled as an agent under the requirements of Treasury Department Circular No. 230.
  d  Officer—a bona fide officer of the taxpayer's organization.
  e  Full-Time Employee—a full-time employee of the taxpayer.
  f  Family Member—a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
  g  Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d) of Treasury Department Circular No. 230).
  h  Unenrolled Return Preparer—the authority to practice before the Internal Revenue Service is limited by Treasury Department Circular No. 230, section 10.7(c)(1)(viii). You must have prepared the return in question and the return must be under examination by the IRS. See Unenrolled Return Preparer on page 2 of the instructions.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.** See the Part II instructions.

| Designation—Insert above letter (a–h) | Jurisdiction (state) or identification | Signature | Date |
|---|---|---|---|
| a | New York | *(signature)* | 4/20/06 |
| | | | |

Form **2848** (Rev. 3-2004)



**Form 1040X** (Rev. November 2007)

Department of the Treasury—Internal Revenue Service

## Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0074

This return is for calendar year ▶   2003   , or fiscal year ended ▶

| | | |
|---|---|---|
| Your first name and initial | Last name | Your social security number |
| Daniel L. | Gordon | |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| | | |
| Home address (no. and street) or P.O. box if mail is not delivered to your home | Apt. no. | Phone number |
| 535 West 23rd Street | S-4E | ( 212 )  808-8100  (POA) |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 3 of the instructions. | | |
| New York, New York 10011 | | |

**A** If the address shown above is different from that shown on your last return filed with the IRS, would you like us to change it in our records?  . . . . . . . . . . . . . . . . ▶ ☑ Yes  ☐ No

**B** Filing status. Be sure to complete this line. **Note.** You cannot change from joint to separate returns after the due date.

On original return ▶ ☐ Single  ☐ Married filing jointly  ☑ Married filing separately  ☐ Head of household  ☐ Qualifying widow(er)

On this return ▶ ☐ Single  ☐ Married filing jointly  ☑ Married filing separately  ☐ Head of household*  ☐ Qualifying widow(er)

\* If the qualifying person is a child but not your dependent, see page 3 of the instructions.

| Use Part II on the back to explain any changes | | **A.** Original amount or as previously adjusted (see page 3) | **B.** Net change— amount of increase or (decrease)— explain in Part II | **C.** Correct amount |
|---|---|---|---|---|
| **Income and Deductions (see instructions)** | | | | |
| 1 Adjusted gross income (see page 3) . . | **1** | | | See Rider |
| 2 Itemized deductions or standard deduction (see page 4) . . | **2** | | | |
| 3 Subtract line 2 from line 1 . . . . | **3** | | | |
| 4 Exemptions. If changing, fill in Parts I and II on the back (see page 4) . . . . . . . | **4** | | | |
| 5 Taxable income. Subtract line 4 from line 3 . | **5** | | | See Rider |
| 6 Tax (see page 5). Method used in col. C _____ | **6** | | | See Rider |
| 7 Credits (see page 5) . . . . . | **7** | | | |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | **8** | | | |
| 9 Other taxes (see page 5) . . . . | **9** | | | |
| 10 Total tax. Add lines 8 and 9 . . . | **10** | | | See Rider |
| 11 Federal income tax withheld and excess social security and tier 1 RRTA tax withheld. If changing, see page 5 | **11** | | | See Rider |
| 12 Estimated tax payments, including amount applied from prior year's return . . . . . . . | **12** | | | See Rider |
| 13 Earned income credit (EIC) . . . . | **13** | | | |
| 14 Additional child tax credit from Form 8812 | **14** | | | |
| 15 Credits: Federal telephone excise tax or from Forms 2439, 4136, 8885, or 8801 (if refundable) . | **15** | | | |
| 16 Amount paid with request for extension of time to file (see page 5)  . . . . . . | | | **16** | See Rider |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | | | **17** | |
| 18 Total payments. Add lines 11 through 17 in column C | | | **18** | See Rider |
| **Refund or Amount You Owe** | | | | |
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS . | | | **19** | See Rider |
| 20 Subtract line 19 from line 18 (see page 6) . | | | **20** | |
| 21 **Amount you owe.** If line 10, column C, is more than line 20, enter the difference and see page 6 . | | | **21** | NONE |
| 22 If line 10, column C, is less than line 20, enter the difference . | | | **22** | |
| 23 Amount of line 22 you want **refunded** to you . | | | **23** | See Rider |
| 24 Amount of line 22 you want applied to your ____ estimated tax | **24** | | | |

**Tax Liability** (rows 6–10), **Payments** (rows 11–18)

**Sign Here**

Joint return? See page 2.

Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

| Your signature | Date | Spouse's signature. If a joint return, both must sign. | Date |
|---|---|---|---|
| *(signature)* | 5/15/08 | | |

**Paid Preparer's Use Only**

| Preparer's signature ▶ | | Date | Check if self-employed ☐ | Preparer's SSN or PTIN |
|---|---|---|---|---|
| Firm's name (or yours if self-employed), address, and ZIP code ▶ | | | EIN | |
| | | | Phone no. ( ) | |

For Paperwork Reduction Act Notice, see page 7 of instructions.    Cat. No. 11360L    Form **1040X** (Rev. 11-2007)

RIDER TO CLAIM FOR REFUND
FOR
DANIEL L. GORDON
(SSN: _____)

Daniel L. Gordon (the "taxpayer") hereby files a claim for refund of overpaid personal income taxes for taxable year 2003. The taxpayer requests that the Internal Revenue Service (the "IRS") calculate the exact amount of the overpayment due to him based on the adjustments described below. The taxpayer estimates, however, that the amount of the overpayment is in excess of $100,000 plus interest thereon as required by law.

In support of his claim for refund, the taxpayer states as follows:

A.    Background

1.    The taxpayer is an individual who resides at 535 West 23rd Street, Apartment S-E4, New York, New York 10011.

2.    The taxpayer's Form 1040, U.S. Individual Income Tax Return, ("Form 1040"), for taxable year 2003 was audited by the IRS's office located at 135 High Street, Hartford, Connecticut 06013 (the "IRS's Hartford Office").

3.    The IRS's Hartford Office issued a Revenue Agent's Report and 30-day letter (collectively, the "Report") to the taxpayer for taxable year 2003 on August 23, 2006.

4.   The taxpayer timely filed a protest to the Report on September 22, 2006.  The taxpayer's protest was assigned to the New York City Appeals Office of the IRS.

5.   The Report determined, <u>inter alia</u>, that the taxpayer had an additional capital gain of $7,535,815 from the alleged sale of the stock of Daticon, Inc. ("Daticon"). The amount of the capital gain that the taxpayer reported from the alleged sale of Daticon stock in taxable year 2003 was $1,073,000.  In his protest, based on reasons described in detail below, the taxpayer stated that he received no gain from the alleged sale of Daticon stock, and that he was entitled to a refund attributable to the "gain" that he mistakenly reported on his Form 1040.  This refund was denied by the Appeals Office.

6.   The taxpayer paid legal fees in taxable year 2003 in an amount in excess of $250,000.  These legal expenses were ordinary and necessary business expenses deductible under Internal Revenue Code ("I.R.C.") § 162. The taxpayer did not report these legal fee expenses on his Form 1040, but made a claim for refund of the expenses as part of his case before the IRS's Appeals Office.  This refund was denied by the Appeals Office.

7.   The Appeals Office of the IRS issued a statutory notice of deficiency dated March 24, 2008 (the

-2-

"Notice") to the taxpayer for taxable year 2003.  The Notice
determined that the taxpayer was liable for tax in the
amount of $1,029, arising from a disallowance of a deduction
for state and local income taxes.  There were no other
adjustments in the Notice.

8.  By a letter dated April 23, 2008, the
taxpayer paid the amount determined in the Notice, plus
interest, and advised the IRS that he would file a claim for
refund for the tax and interest that he paid.  In his letter
dated April 23, 2008, the taxpayer further stated that his
claim for refund would include the taxes that he overpaid
attributable to the purported sale of the Daticon stock, and
the deduction that he was entitled to for legal fees.

9.  A more detailed discussion of the grounds for
the taxpayer's right to a claim for refund are described
below.

B.  <u>Discussion and Analysis</u>

(i)  <u>The Daticon Stock</u>

10.  As stated above, the taxpayer reported a gain
from the alleged sale of Daticon stock in the amount of
$1,073,000 on his Form 1040. In the Report, the IRS asserted
that the taxpayer should have reported an additional gain of
$7,535,815.

11.  The taxpayer was prosecuted by the United

-3-

States Attorney's Office for the Southern District of New York (the "USAO") for certain criminal violations. In 2003, the taxpayer entered into a plea agreement with the USAO to resolve the criminal case. As part of the plea agreement, many of the taxpayer's assets, including the Daticon stock, were taken by the government. The government sold and received all of the proceeds from the sale of the Daticon stock.

12.   Mr. Gordon did not realize, recognize or receive any gain or loss from the sale of the Daticon stock. Indeed, the government possessed and controlled the stock, and the government sold the stock and deposited the proceeds therefrom directly into a bank account of the government at JPMorgan Chase.

13.   The Appeals Office of the IRS, in consultation with the Area Counsel's Office of the IRS in Manhattan, concluded that the taxpayer did not receive any gain from the sale of the Daticon stock. In other words, the Appeals Office and the Area Counsel's Office agreed with the taxpayer that he should not have reported a gain of $1,073,000 from the alleged sale of the stock, and that he was not liable for tax on an alleged additional gain of $7,535,815 as asserted in the Report. Despite this fact, the IRS erroneously, arbitrarily, and punitively refused to

give the taxpayer a refund. The IRS's position is legally and factually indefensible, and the taxpayer is entitled to a refund of the tax he overpaid attributable to the alleged sale of the Daticon stock.

    (ii)  **The Legal Fees**

14. The taxpayer incurred legal fee expenses in excess of $250,000 in taxable year 2003 in his defense of the prosecution by the USAO. These legal fees were inadvertently not reported on the taxpayer's Form 1040.

15. The legal fees paid by the taxpayer are deductible as ordinary and necessary business expenses under I.R.C. § 162. See, e.g., Commissioner v. Tellier, 338 U.S. 687 (1966).

16. The taxpayer provided the Appeals Office of the IRS with substantiation of the payment of the legal fees, and made a claim for refund for the same. The Appeals Office erroneously denied the taxpayer's claim for refund.

    (iii) **State and Local Income Tax**

17. In the Notice, the IRS disallowed state and local income taxes paid by the taxpayer in the amount of $6,860. The taxpayer paid the alleged liability attributable to this disallowance, plus interest, on April 23, 2008.

18. The taxpayer paid state and local income

taxes in the amount disallowed by the IRS. He is entitled to a refund of the taxes he overpaid arising from the IRS's disallowance of the deduction.

C.    <u>CONCLUSION</u>

For all of the foregoing reasons, the taxpayer is entitled to a refund of the personal income taxes that he overpaid in taxable year 2003.

 Shipment Receipt

## Address Information

| Ship to: | Ship from: |
|---|---|
| Appeals Officer James Borowski | KEVIN M. FLYNN, ESQ. |
| Internal Revenue Service | KOSTELANETZ & FINK, LLP |
| 290 BROADWAY FL 11 | 7 WORLD TRADE CENTER |
| MANHATTAN APPEALS OFFICE | 34TH FLOOR |
| NEW YORK, NY 100071823 | New York, NY 10007 |
| US | US |
| 0000000000 | 212-808-8100 |

## Shipping Information
Tracking number: 792059481463
Ship date: 05/20/2008
Estimated shipping charges: 15.35

## Package Information
Service type: Priority Overnight
Package type: FedEx Envelope
Number of packages: 1
Total weight: 0LBS
Declared value: 0.00USD
Special Services:
Pickup/Drop-off: Give to scheduled courier at my location

## Billing Information
Bill transportation to: Sender
Your reference: D. Gordon
P.O. no.:
Invoice no.:
Department no.:

Thank you for shipping online with Fedex ShipManager at fedex.com.

## Please Note
FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g., jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, Consult the applicable FedEx Service Guide for details.
The estimated shipping charge may be different than the actual charges for your shipment. Differences may occur based on actual weight, dimensions, and other factors. Consult the applicable FedEx Service Guide or the FedEx Rate Sheets for details on how shipping charges are calculated.

# EXHIBIT B

**Internal Revenue Service**
Appeals Office
290 Broadway - 11th Floor
New York, NY 10007

**Department of the Treasury**

**Person to Contact:**
  James Borowski
**Employee ID Number:** 13-25730
  Tel:  (212) 298-2427
  Fax:  (212) 298-2650
**Refer Reply to:**
  AP:FE:MAN:JRB
**In Re:** D. Gordon
  Income Tax Liability
**Claim Amount:**
  Not calculated
**Tax Periods Ended:**
  12/31/2003

Date: JUN 2 5 2008

DANIEL L GORDON
c/o Kostelanetz & Fink, LLP
7 World Trade Center
New York, NY 10007

7006 3450 0003 8949 5164
**CERTIFIED MAIL**

Dear Taxpayer:

We are sorry, but we cannot allow the above claim for an adjustment to your tax, for the following reasons: (1) the capital gain of $1,073,000 reported on your tax return cannot be removed because you have not established that such gain was not realized and recognized by you or that you did not receive the proceeds of the sale actually or constructively, (2) the deduction for legal fees of "an amount in excess of $250,000" is not allowed because you have not established that you paid or incurred legal fees for the amount claimed in the 2003 year or, if paid or incurred, that such fees are deductible as ordinary and necessary expenses of a trade or business, and (3) the claimed deduction for state and local taxes of $6,860 is not allowable because you have not established that you paid or incurred such amount in 2003.

Our decision is based on provisions of the Internal Revenue laws and regulations.  This letter is your legal notice that your claim is fully disallowed.

If you wish to bring suit or proceedings for the recovery of any tax, penalties or other moneys for which this disallowance notice is issued, you may do so by filing such a suit with the United States District Court having jurisdiction, or with the United States Court of Federal Claims.  The law permits you to do this within 2 years from the mailing date of this letter.  However, if you signed a waiver of the notice of claim disallowance (Form 2297), the period for bringing suit began to run on the date you filed the waiver.

If you have any questions, please contact the person whose name and telephone number are shown above.

                                    Sincerely,

                                    Vincent Papol
                                    Appeals Team Manager